IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:16-cv-00123 |
| v. | ) ) ) | C O M P L A I N T |
| EXECUTIVE MANAGEMENT SERVICES, INC. d/b/a EXECUTIVE MANAGEMENT SERVICES OF INDIANA, INC., | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to William Kehoe ("Kehoe") who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Executive Management Services, Inc., d/b/a Executive Management Services Of Indiana, Inc. ("Defendant"), discriminated against Kehoe when it failed to hire him as a janitor because on his sex, male.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a .

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Indiana corporation doing business in the State of North Carolina, and the City of Charlotte, North Carolina, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Kehoe filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On July 16, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On November 19, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. Since at least 2009, Defendant has provided janitorial services to Convergys Corporation ("Convergys") for Convergys' Charlotte and Hickory, North Carolina facilities. From September 2013 through March 2014, Kehoe worked at Convergys' Charlotte facility through his direct employer, Skyline Services USA ("Skyline"). Skyline was Defendant's subcontractor and provided janitorial services at the Convergys' facilities in Charlotte and Hickory, North Carolina since 2009.

11. Convergys' Charlotte facility was managed by a facilities management company that was contracted by Convergys (*hereafter* "Facilities Management Co.").

12. On or about March 31, 2014, Defendant engaged in unlawful employment practices at the Convergys' Charlotte facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1) by failing to hire Kehoe as a janitor (referred to as a "Day Porter") because of his sex, male.

13. On September 9, 2013, Kehoe was hired by Skyline as a Day Porter at Convergys' Charlotte facility, pursuant to the subcontract between Skyline and Defendant.

14. During his employment, Kehoe was the only Day Porter onsite during the daytime hours. Kehoe's janitorial duties included, among other things, cleaning four restrooms - two men's and two women's - each set located on the opposite ends of Convergys' one story facility.

15. Kehoe cleaned each of four restrooms two to three times per day, as needed.

16. While cleaning the women's restrooms, Kehoe would close the restroom he was cleaning for a short period of time in order to complete the cleaning. However, Kehoe was often interrupted by women who would enter the restroom and ask Kehoe to leave so they could use

the restroom. Kehoe would exit the restroom and wait outside for the women to leave before continuing with the cleaning. These interruptions would sometimes cause a delay in Kehoe completing the task of cleaning the women's restrooms. Despite these interruptions, Kehoe successfully completed the cleaning tasks.

17. Kehoe successfully performed all of his duties as a Day Porter at Convergys' Charlotte facility.

18. On January 16, 2014, the Facilities Management Co. sent Defendant's Branch Manager ("Branch Manager") an email suggesting that Kehoe be replaced by a woman.

19. In or around mid-February 2014, Defendant's Area Manager ("Area Manager") contacted Skyline's Owner and stated that the Facilities Management Co. had requested that Kehoe be replaced by a female janitor. Skyline objected to this demand.

20. On the same day, in or around mid-February 2014, Skyline's Owner contacted Defendant's Branch Manager and voiced his objection to the request to replace Kehoe with a woman.

21. In one or more conversations with Defendant's management officials, Skyline's Owner stated that the request to remove Kehoe and replace him with a woman was illegal.

22. On or about February 26, 2014, Defendant's Branch Manager called Skyline's Owner and informed him that Skyline's contract with Defendant was terminated effective March 31, 2014. On or about February 27, 2014, Defendant sent a written notice of termination of Skyline's contract to Skyline Owner. After terminating Skyline's contract, Defendant provided janitorial services at Convergys' Charlotte and Hickory, NC facilities directly.

23. Defendant's Area Manager informed Skyline's Owner that Defendant's plan was to rehire all Skyline employees except Kehoe, because the Facilities Management Co. wanted a woman in Kehoe's position.

24. Kehoe's last day of employment for Skyline was March 31, 2014, the date when Skyline's contract with Defendant ended. Kehoe was not given an opportunity to re-apply for his position and was not hired to work as a janitor at Convergys facility in Charlotte.

25. Upon information and belief, Defendant considered all of Skyline's employees for rehire at Convergys' facilities except Kehoe, by either discussing possible employment with them and/or having them fill out necessary paperwork and/or taking other steps to consider them for employment.

26. Upon information and belief, Defendant rehired some or all of Skyline's employees to work at Convergys' facilities.

27. Upon information and belief, Defendant hired a female to work in the position formerly held by Kehoe.

28. Defendant failed to hire Kehoe based on his sex, male, in violation of Title VII.

29. The effect of the practices complained of above has been to deprive Kehoe of equal employment opportunities and otherwise adversely affect his status as an applicant or employee because of his sex, male.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kehoe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire individuals on the basis of sex, male, and from engaging in any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole William Kehoe, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Kehoe, or front pay in lieu thereof.

D. Order Defendant to make whole Kehoe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Kehoe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Kehoe punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 10th day of March, 2016.

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION,

                P. DAVID LOPEZ
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel
                Equal Employment Opportunity Commission
                131 M Street, NE
                Washington, D.C. 20507

                **s/Lynette A. Barnes**
                LYNETTE A. BARNES (N.C. Bar No. 19732)
                Regional Attorney

                KARA GIBBON HADEN
                Supervisory Trial Attorney

                **s/Stephanie M. Jones**
                STEPHANIE M. JONES (Ga. Bar No. 403598)
                Senior Trial Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                Charlotte District Office
                129 West Trade Street, Suite 400
                Charlotte, North Carolina 28202
                Telephone:    (704) 954-6471
                Facsimile:    (704) 954-6412
                Email: stephanie.jones@eeoc.gov