UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET No. 3:16-CV-00123-FDW-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CONSENT DECREE ) |
| EXECUTIVE MANAGEMENT SERVICES INC. d/b/a EXECUTIVE MANAGEMENT SERVICES OF INDIANA, INC. | ) ) ) ) ) ) |
| Defendant. | ) ) ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Executive Management Services, Inc. d/b/a Executive Management Services of Indiana, Inc. ("Defendant") discriminated against William Kehoe ("Kehoe") when it failed to hire him as a janitor because of his sex, male. Defendant's Answer denied the allegations and denied that it violated Title VII in any manner. The Commission does not disavow the allegations in its Complaint, nor does the Defendant disavow its affirmative defenses.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by refusing to hire an individual on the basis of his sex, male.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute. Defendant shall not use hiring practices which favor one gender over the other with regards to the hiring of its staff.

3. Defendant shall pay William Kehoe the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to William Kehoe. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to William Kehoe at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to William Kehoe. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that William Kehoe may or may not incur on such payments under local, state and/or federal law.

4. In Defendant's "Handbook," Defendant has in place a policy identified as "Equal Employment Opportunity" (hereinafter "EEO Policy"), attached hereto as Exhibit A. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall revise and re-distribute its EEO Policy. In the revised EEO Policy, Defendant shall, at a minimum, include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on sex; procedures for responding to discriminatory requests or perceived discriminatory requests made by clients, contractors, or subcontractors; procedures for how the parties will engage in discussions with clients, contractors, or subcontractors regarding any discriminatory or perceived discriminatory requests; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.

Defendant shall distribute to each current employee assigned to an account handled out of the branch office facility located at 1101 Copeland Oaks Drive, Morrisville, North Carolina, 27560 ("Morrisville facility") a copy of the revised EEO policy within the aforementioned 30-day time period. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the revised EEO policy to the required employees and review it with them at the time of hire.

5. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, at its Morrisville facility. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

6. During the term of this Consent Decree, Defendant shall provide an annual training

program to all managers, supervisors, and all other individuals who receive and make decisions regarding client requests concerning staffing who are assigned to or responsible for any account handled out of, or who work out of, Defendant's Morrisville facility, including any manager or supervisor who has supervisory responsibility for any employee of the Morrisville facility, but who lives in another state. Each training program shall include an explanation of the requirements of Title VII, and its prohibition against discrimination based on sex. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, an explanation of the rights and responsibilities of employees, managers, and supervisors under the policy; and procedures for how the parties will engage in discussions with clients, contractors, or subcontractors regarding any discriminatory or perceived discriminatory requests.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Morrisville facility. If the Notice becomes defaced

or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. Each report will include the following information:

> A. Details about any and all requests received by Defendant in relation to any account handled out of Defendant's Morrisville facility from any source, including an employee, contractor, sub-contractor, or client of Defendant ("requestor"), for an individual of a specific gender ("potential employee") for any position for which Defendant is supplying labor, including but not limited to the following:
>
> 1) the full name, last known address and last known telephone number of the requestor;
> 2) the employer for whom the requestor works;
> 3) the Defendant facility or requestor worksite at which the potential employee was to be placed;
> 4) the address of the facility/worksite at which the potential employee was to be placed;
> 5) the position into which the potential employee was to be placed;
> 6) the gender the requestor indicated a preference for;
> 7) the gender of the person placed in the position identified in response to 5.A. above;
> 8) the date of the request; and,
> 9) a detailed statement of Defendant's response to the request.
>
> B. For any account handled out of the Morrisville facility, the identity (including full name, address, point of contact, and most recent phone number) of each contractor or sub-contractor whose contract was terminated ("Terminated Contractor") at any time during the reporting period, and:
>
> 1) whether Defendant directly hired any of the Terminated Contractor's employees;
> 2) the identities of the Terminated Contractor's employees who applied for employment with Defendant but were not hired, and the reason each individual was not selected; and

3) the identities of all persons of whom Defendant was aware who worked for the Terminated Contractor but were not hired by Defendant.

For each person identified in response to 8.B.2 or 8.B.3,, provide the individual's full name, gender, and last known address and telephone number.

Defendant shall provide the social security number of any individual identified in response to 8.A – 8.B. within seventy-two (72) hours of a request by the Commission if Defendant is in possession of the social security number. Paragraphs 8.A and 8.B are limited to the Morrisville facility.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

9. The Commission may review compliance with this Consent Decree. As part of such review, with prior advance notice of three (3) business days to Defendant, the Commission may inspect Defendant's Morrisville facility and interview employees and examine and copy documents and records. Notice shall be provided by the terms set forth in Paragraph 12 herein. The Commission may inspect Defendant's Morrisville facility without notice for purposes of confirming the Defendant's compliance with the posting provisions as set forth in paragraphs 4 and 7.

10. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

12. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Defendant's counsel, John D. Cole, at john@johncolelaw.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed March 13, 2017

Frank D. Whitney
Chief United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


**s/Lynette A. Barnes**
LYNETTE A. BARNES
Regional Attorney
NC Bar No. 19732

KARA GIBBON HADEN
Supervisory Trial Attorney
NC Bar No. 26192

**s/Stephanie M. Jones**
STEPHANIE M. JONES
GA Bar ID#403598
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6471
Facsimile: (704) 954-6412
E-mail: stephanie.jones@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**EXECUTIVE MANAGEMENT SERVICES INC. d/b/a EXECUTIVE MANAGEMENT SERVICES OF INDIANA, INC.
Defendant**


**s/John D. Cole**
JOHN D. COLE
N.C. Bar No. 22573
Attorney for Defendant
JOHN COLE LAW, PLLC
2820 Selwyn Avenue, Suite 761
Charlotte, NC 28209
Telephone: 704.996.6678

E-mail: john@johncolelaw.com

**ATTORNEY FOR DEFENDANT**

## II. EQUAL EMPLOYMENT OPPORTUNITY

It is our policy to provide equal employment opportunities to all present and future employees. All employment decisions, including but not limited to hiring, compensation, training, work assignments, transfers, and promotions will be made without regard to race, color, religion, gender, age, national origin, disability, genetic information, or other legally-protected status.

EMS will follow our equal employment opportunity policy in implementing all employment practices, policies, and procedures. All employees are required to comply with our EEO policy. Management fully intends to abide by the law and will, when necessary, take firm disciplinary action in accordance with this policy to ensure that our responsibility to our employees is met. Everyone employed by EMS is responsible for full cooperation in meeting these objectives.

Any person who is aware of any alleged violation of this policy should report such concerns to their supervisor or the Human Resource Manager as soon as possible. The Company will fully investigate and promptly resolve all such complaints in strict compliance with all applicable laws. Any employee violating this policy or retaliating in any way against complainants under this policy will be subject to discipline, up to and including termination of employment.

If you have any questions regarding this policy, you are encouraged to contact the Human Resources Department for assistance.

## III. CRIMINAL HISTORY CHECK

A criminal history check is required on all new hires and may be required on re-hires. Upon a signed assignment of wage agreement and other requisite paperwork, the cost of the criminal history check will be deducted from the employee's pay as permitted by state law. Findings on the criminal history report may result in refusing to hire an applicant or termination of an already hired employee.

EXHIBIT A

EMS000004



# EMPLOYEE NOTICE

1.      This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC) and Executive Management Services, Inc. d/b/a Executive Management Services of Indiana, Inc.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.      Executive Management Services, Inc. will comply with such federal laws in all respects. Furthermore, Executive Management Services, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

        Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: April, 2019.
**EXHIBIT B**